FENTER *v.* FIRST NATIONAL BANK OF MALVERN.

Opinion delivered July 7, 1930.

*Isaac McClellan,* for appellant.
*John L. McClellan,* for appellee.

KIRBY, J. Appellee bank brought this suit to charge appellant with liability to the payment of a certain note sued on executed by his father to the bank, upon the allegation that the father had conveyed certain lands to appellant charged with a trust for payment of his debt to the bank.

Appellant demurred to the complaint and answered denying that D. C. Fenter had executed the note for the amount as alleged to the bank on November 5, 1926, and

denied that the Exhibit A to the complaint was a copy of the note; admitted that on August 6, 1924, his father executed and delivered to him two deeds conveying certain of the lands, 70 acres, and on October 1, 1924, executed and delivered to him another warranty deed conveying to him the other 40 acres; denied that there was any consideration expressed in said deeds or that there was any verbal understanding or agreement between the grantor and him that he was to assume and pay the note to the plaintiff or any other indebtedness that might become valid claims against the estate of D. C. Fenter; alleged that, after the execution and delivery of the deeds, he took possession of the lands, lived on them and paid the taxes for more than two years before the execution of the note sued on; denied that he was trustee for the bank or that he held the lands otherwise than as his own, and adversely to every one else after the execution of the deeds; denied that plaintiff had asked for an administration on the estate of D. C. Fenter as one of the creditors, notwithstanding Fenter had been dead for more than two years.

It appears from the testimony that the deeds, ordinary warranty deeds, were made by D. C. Fenter, the father of appellant, upon the dates alleged, each reciting a consideration of $5. Appellant stated he took possession of the lands after the conveyance, took care of his father and supported him from that time until his death, and agreed when the deeds were delivered to pay two debts, one the individual debt of his father to the appellee bank for $200 and $200 due to John A. Cunningham, the note to Cunningham being secured by a mortgage on some of the lands; that he thereafter paid or arranged to pay these debts; that he agreed to pay and took care of and supported his father during the remainder of his life. He denied that there was any agreement on his part to pay the note or debt sued on by the bank, evidenced by the note dated nearly two years after the execution of the deeds to him by his father.

The cashier of appellee bank testified that the note sued on was executed by H. F. Cloud, D. C. Fenter and A. R. Nichols dated November 5, 1926, but that it was a renewal note for a note executed November 5, 1925. He then gave a history of the note claiming the first note, of which he said this was a renewal, was given to the bank in November, 1920, for $165, and that it had never been paid except by renewals. He was not able to explain why the note sued on did not show on its face that it was a renewal note, but said that it was not necessary that it should, since the bank's books showed that it was such a renewal.

Nichols, one of the parties to the note, testified that it had been given and renewed several times; that, after it was due the last time, he had had a conversation with appellant, having heard that his father had deeded him certain lands charged with the payment of his debts, about the payment of this note, and appellant denied that he had agreed to pay this note at all, and refused to renew it or pay it before the suit was brought; said he would not have renewed this note when it was presented to him the last time if D. C. Fenter had not represented to him that he had deeded his lands to appellant in consideration that he would pay all his obligations and debts.

The justice of the peace who prepared the deeds for execution testified that Fenter said to him when he made the deeds; "I want to deed Gilbert my place. I have some debts which Gilbert is going to have to pay if they are ever paid, and of course I want them paid. It looks like I am not going to be able to work any more, and it would not be right for Gilbert to pay my debts and the other children come in and share equal." Witness said he did not think Mr. Fenter deeded his lands to Gilbert for the purpose of defrauding his creditors. He did not know what debts he expected Gilbert to take care of, but said he had some debts that Gilbert would have to pay if they were paid.

Appellant stated that he did not consider that he owed the Cloud note, the one sued on, that he did not assume the obligation, took care of the funeral expenses, the doctor bills and all the personal indebtedness his father told him about, and that he never told him anything about this Cloud note; that he never heard of it until after his father's death, when some one came to him asking him to pay it off or renew it, and that he refused to do so, and it was not part of the consideration he was to pay for the lands.

It appears that he paid out about $1,100 for his father's indebtedness and funeral expenses, and this was about the value of the lands as some witnesses testified.

The conveyances of the lands to appellant make no mention of any trust for the payment or security of any debts of the grantor by the grantee, appellant, as attempted to be proved by appellee to charge appellant with the payment of the debt sued on. An express trust cannot be proved by parol evidence, and neither will such evidence be heard to graft an express trust upon a deed absolute in its terms. *Salyers* v. *Smith,* 67 Ark. 526, 88 S. W. 753; *Harbour* v. *Harbour,* 103 Ark. 273, 88 S. W. 589.

Appellee attempted to prove as a consideration for the conveyance of the lands by D. C. Fenter to his son, appellant, an agreement on his part to pay the indebtedness of the grantor to the bank evidenced by his signature to the note sued on; and, if such conveyances had been made without a valuable consideration, the want of such consideration would not of itself have created a presumption that the grantee was the trustee of the grantor. The burden of proof was upon the appellee bank to displace the title or right of the appellant to the enjoyment of the beneficial interest in the lands by such evidence of intention on the part of the grantor to create a trust, and this burden cannot be discharged by a mere preponderance of the testimony. The evidence required must be full, clear and convincing. Eaton's Equity, p.

404; *Tiller* v. *Henry*, 75 Ark. 446, 88 S. W. 573; *McNutt* v. *McNutt*, 76 Ark. 14, 88 S. W. 589.

The conveyances to appellant were by no means voluntary conveyances without consideration, it appearing from the testimony that there was an adequate consideration money actually paid out equal to about the value of the lands conveyed. The conveyances were not attempted to be set aside as made in fraud of creditors, and there was no testimony offered to show that they were voluntary conveyances nor to impress the lands with a trust for the payment of the note or debt sued on. The decree is not supported by such testimony as the law requires shall be furnished or produced in such cases, and the chancellor erred in so holding and in not dismissing the cause for want of equity.

The decree is reversed, and the cause remanded, with directions to enter a decree in accordance with this opinion.